UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

Chapter 7

---------------------------------------------------------------------X
In re:

VIKI DEVANI,

Debtor.

Case No. 13-45106-CEC

---------------------------------------------------------------------X
JOHN DESIDERIO,

Plaintiff,

-against-

VIKI DEVANI,

Defendant.

Adv. Pro. No. 14-01025-CEC

---------------------------------------------------------------------X

**AFFIRMATION IN OPPOSITION TO MOTION TO WITHDRAW AND IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL**

JOHN S. DESIDERIO, the undersigned, an attorney at law duly admitted to practice before the Court of the State of New York, admitted in the Eastern District of New York, affirms the truth of the following under the penalties of perjury:

1. This affirmation is submitted in opposition to the motions of Sobers Law to withdraw as counsel to VIKI DEVANI ("Debtor") and to seal documents, and in support of the cross-motion of plaintiff JOHN DESIDERIO, SR. ("Plaintiff"), pursuant to Rules 30, 33, and 37 of the Federal Rules of Civil Procedure ("FRCP"), made applicable herein pursuant to Rules 7030, 7033, and 7037 of the Federal Rules of Bankruptcy Procedure, for an Order: (a) compelling the Debtor to appear for deposition; (b) to produce a full and complete response to Plaintiff's Interrogatories; and (c) awarding Plaintiff's his legal fees and costs incurred in making this motion, and granting such other and further relief as this Court deems just and proper.

2. This cross-motion is necessary due to the Debtor's willful failure to comply with Plaintiff's discovery in this matter.

**JURISDICTION**

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157 and 1334. This action is a core proceeding pursuant to 28 U.S.C. §157(b)(2). Venue in this District is proper pursuant to 28 U.S.C. §1409.

**MOTION TO WITHDRAW & MOTION TO SEAL**

4. On May 6, 2014, Debtor's counsel, Vivian Sobers ("Sobers"), filed a motion to be relieved as counsel for Debtor ("Motion to be Relieved"). This motion was noticed for a hearing on June 4, 2014.

5. The Motion to be relieved did not contain an "affidavit of satisfactory reasons for withdrawal…", as required pursuant to Rule 2090-1(d) of the Local Rules of this Court.

6. On May 7, 2014, Sobers filed papers seeking seal of certain court filings ("Motion to Seal"). In the notification from the Court of this motion, the hearing date was stated as being June 5, 2014.

7. The Motion to Seal contained no notice of motion or hearing.

8. In addition to their aforesaid defects, Sobers' motions are deficient and should be denied.

9. First, as to the Motion to be Relieved, Sobers alleges that she should be permitted to withdraw because she believes that Debtor's petition, as filed, was filed for an improper purpose and that it cannot obtain the relief for which such petitions are filed – that is a discharge.

10. However, nothing has changed in the Debtor's petition or case since its filing, and the fact that the petition was filed in bad faith and for an improper purpose is the very basis

for Plaintiff's pending Motion to Dismiss in this case. Sobers (and Debtor) knew, or at the very least should have known, that Debtor's petition was being filed in bad faith and for an improper purpose – to claim that this should now support a motion to be relieved is preposterous.

11. And, contrary to Sobers' argument, based upon her implication that this matter is in the early stages and that discovery is still ongoing, Plaintiff has already obtained documents in response to his 2004 subpoenas and Plaintiff's Motion to Dismiss has been ordered to proceed to trial – which would have already been scheduled had Sobers not previously requested an adjournment of this matter for more than two months to serve a notice to depose Plaintiff and to conduct that deposition – both of which Sobers has failed to do in the month since her request to adjourn.

12. The only real outstanding discovery in this matter is the deposition of Debtor, which, as set forth below, has been unnecessarily delayed by the Debtor and Sobers.

13. To allow Sobers to withdraw as counsel to Debtor under the circumstances would only serve to further prejudice Plaintiff and delay the resolution of this case, which should never have been filed in the first place.

14. As to Sobers' Motion to Seal, there is nothing scandalous or defamatory alleged in support of such motion.

15. Sobers' discussions regarding settlement are both wholly improper and irrelevant.

16. Based upon the foregoing, the Motion to be Relieved and the Motion to Seal should be denied.

## **MOTION TO COMPEL**

17. On February 18, 2014, Plaintiff served interrogatories upon Debtor, which required a response thereto within thirty (30) days. ("Exhibit A") Debtor's response to Plaintiff's

Interrogatories is necessary to identify witnesses with knowledge or information relevant to the subject matter of the action, and the existence, custodian, location, and general description of relevant documents.

18. On March 24, 2014, Plaintiff served a notice to take deposition upon Debtor, which required Debtor to appear for examination on April 14, 2014. ("Exhibit B") Deposition of the Debtor is necessary to obtain information relevant to the prosecution of this Adversary Proceeding.

19. In a good faith effort to resolve these discovery disputes prior to involving the Court, Plaintiff has extended Debtor's time to comply. (Letters of March 24 and April 11, "Exhibit C")

20. However, as conceded in Sobers' motions, Debtor has failed to produce a complete response to Plaintiff's Interrogatories and has failed to appear for deposition.

21. The Court is advised that on the last adjourned to date for the deposition, April 28, 2014, the undersigned (despite no notice to take deposition ever having been served) stated that Plaintiff would be made available on the same day as the examination of the Debtor was to take place. (See, Exhibit C). However, neither Debtor nor Sobers appeared on that date.

22. Debtor's failure to respond to Plaintiff's interrogatories and to appear for deposition has unnecessarily delayed the proceedings in this matter, and has necessitated the instant motion by Plaintiff.

24. Plaintiff requests the award of $1,400.00 (4 hours at $350/hr.) for restitution for his reasonable and necessary legal fees and costs incurred dealing with Debtor's non-compliance with discovery, and in making the instant motion and the argument thereof.

25. As there are no novel issues of law presented herein, Plaintiff requests waiver of the filing of a memorandum of law.

**WHEREFORE,** based on the foregoing, and pursuant to Rules 30, 33, and 37 of the FRCP, made applicable herein pursuant to Rules 7030, 7033, and 7037 of the FRBP, for an Order: (a) compelling the Debtor to appear for deposition; (b) to produce a full and complete response to Plaintiff's Interrogatories; and (c) awarding Plaintiff's his legal fees and costs incurred in making this motion, together with the grant of such other and further relief as this Court deems just and proper.

Dated: Huntington, New York
May 13, 2014

/s/ John S. Desiderio, Esq.

JOHN S. DESIDERIO (JSD 4835)
Attorney for Creditor John Desiderio, Sr.
50 Gerard Street, Suite 100A
Huntington, New York 11743
(718) 757-9477