UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
In re:
Chapter 7

VIKI DEVANI,

Case No. 13-45106-CEC

Debtor.
-----------------------------------------------------------------------X
JOHN DESIDERIO,

Plaintiff.

Adv. Pro. No.: 14-01025-CEC

-against-

VIKI DEVANI,

Defendant.
-----------------------------------------------------------------------X

**AFFIRMATION IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL AND IN REPLY TO CREDITOR'S OPPOSITION TO MOTION TO WITHDRAW**

VIVIAN SOBERS, the undersigned, an attorney at law duly admitted to practice before the Court of the State of New York, admitted in the Eastern District of New York, and being fully familiar with the facts and circumstances set forth herein, affirms the truth of the following under the penalties of perjury:

1. This affirmation is submitted in opposition to Creditor John Desiderio ("Desiderio") Motion (a) compelling the Debtor to appear for deposition; (b) compelling Debtor to produce full and complete responses to Plaintiff's Interrogatories; and (c) awarding Plaintiff's his legal fees and costs incurred in making this cross- motion, and granting such other and further relief as this Court deems just and proper and in Reply to Creditor's Opposition to counsel's Motion to Withdraw.

**JURISDICTION**

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157 and 1334. This action is a core proceeding pursuant to 28 U.S.C. §157(b)(2). Venue in this District is proper pursuant to 28 U.S.C. §1409.

**MOTION TO COMPEL**

3. Motions to compel discovery under Rule 37 of the Federal Rules of Civil Procedure (made applicable by Rule 7037 of the Federal Rules of Bankruptcy Procedure) are committed to the sound discretion of the trial court. Commercial Union Ins. Co. v. Westrope, 730 F.2d 729, 731 (11th Cir. 1984). The trial court's exercise of discretion regarding discovery orders will be sustained absent a finding of abuse of that discretion to the prejudice of a party. Id.

4. On or about February 8, 2014, Desiderio served a Demand for Interrogatories on Debtor. (See Creditor's Exhibit "A")

5. On or about April 7, 2014, Debtor responded to Creditor's Demand for Interrogatories in compliance with FRCP 33. (See Debtor's Response to Interrogatories, annexed hereto as Exhibit "A")

6. On or about April 8, 2014, Desiderio requested further clarification of the responses to the interrogatories. (See Creditor's letter to Counsel, annexed hereto as Exhibit "B").

7. At that time, the attorney-client relationship had become strained with conflict in responding to the initial demands.

8. On or about April 10, 2014, the parties appeared before the Court for a pre-trial conference.

9. Once the pre-trial conference concluded, creditor's counsel and myself attempted to reach an early resolution to avoid further litigation.

10. My office continued to work on the responses to discovery with the debtor in case the matter could not be settled.

11. Responding to the interrogatories caused irreconcilable differences and made working on the responses impossible.

12. On or about April 25, 2014 I advised Creditor that there had been a breakdown in the relationship between myself and Debtor.

13. On or about April 25, 2014, I advised Creditor that proceeding with the deposition that was scheduled would be impossible as the communications between myself and Debtor had significantly deteriorated.

14. The breakdown in the attorney-client relationship made responding to the discovery demands and conducting a deposition prohibitive.

15. As such, Creditor's Motion to Compel should be denied in its entirety.

**ATTORNEY'S FEES**

16. Fed. R. Civ. P. 37(a). Rule 37 provides for payment of expenses associated with filing a motion to compel. Fed. R. Civ. P. 37(a)(5)(A). The Rule states in relevant part:

> If the motion is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
> (iii) other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii)

17. Here, responding to the interrogatories and presenting for a deposition was made difficult by the breakdown in the attorney-client relationship.

18. I was in complete disagreement with debtor and could not continue advising him.

19. As such, Creditor's Motion to Compel and for attorney's fees should be denied in its entirety.

**MOTION TO WITHDRAW**

20. With abundance of caution, my office attempted to file my affirmation under seal so that I could keep the clients confidence.

21. As a result, the motion to withdraw was filed without the required affirmation that I sought to seal.

22. I filed the motion to seal electronically pursuant to the ECF Rules (see page 16 of the attached as Exhibit "C") which directed the document wishing to be sealed to be filed along with the motion.

23. Pursuant to the instruction of the ECF manual I did as directed, however, for reasons unknown both my motion and my affirmation were made public.

24. The mishap in filing allowed the creditor to see the affirmation and has responded accordingly.

25. Creditor claims that nothing has changed since the inception of the Chapter 7 filing, when in fact, much has changed.

26. When I was first retained the relationship between myself and debtor relationship was cordial and cooperative.

27. However, the difference of opinions regarding the matter pending before the court and the responses required by creditors demands caused the relationship to deteriorate and breakdown.

28. When my firm filed an affirmation in opposition to creditor's motion to dismiss it was done so in good faith, however the relationship has since soured.

29. As such, the Motion to Withdraw should be granted in its entirety.

## CONCLUSIONS

WHEREFORE, Sobers Law, PLLC respectfully requests that the court deny Creditor's Motion to Compel and grant its motion for an order allowing counsel to withdraw as counsel of record for Defendant and grant other relief as the Court deems just and proper.

Dated: New York, New York
May 30, 204

_/s/Vivian Sobers (vs7129)
Vivian Sobers, Esq.