**JOHN S. DESIDERIO, ESQ.**
50 GERARD STREET, SUITE 100A
HUNTINGTON, NEW YORK 11743
(718) 757-9477

April 8, 2014

**VIA EMAIL AND FIRST CLASS MAIL**

Vivian Sobers
Sobers Law, PLLC
11 Broadway, Suite 615
New York, New York 10004

Re: Chapter 7 Case: Vik Devani (the "Debtor")
Case No.: 1-13-45106-CEC
Adv. Pro. No.: 14-01025-CEC
Deficiencies in Response to Interrogatories

Dear Ms. Sobers:

I am writing to inform you that the Debtor's response to Plaintiff's Interrogatories, dated April 7, 2014, contains numerous deficiencies as follows:

Response to Interrogatory #1:

Failed to state whether or not the monies identified as having been borrowed by Peter Devani were given to, or borrowed by, Debtor, as well as the dates of such transactions.

Failed to identify the full name and address of "the ex-employee".

Response to Interrogatory #2:

Failed to state the types of the accounts identified by number, and the addresses of the banks where the identified accounts are held.

Response to Interrogatory #3:

Failed to state the address and telephone number of the persons identified.

Response to Interrogatory #4:

Failed to state the addresses of the persons identified, the date on which the identified persons obtained their ownership interests, the consideration paid for such interests, and the position and duties of such persons in the company.

Response to Interrogatory #5:

Failed to state the source(s) of the payments of the auto insurance premiums for the identified time period.

Response to Interrogatory #6:

Failed to state the amount paid, dates of payments, form of payments and sources of payments to Stephen Feder, and the dates of payments, form of payements and source of payments to Vivian Sobers and Sobers Law, PLLC.

Response to Interrogatory #7:

Wholly deficient response. The statement that the information demanded was previously produced in response to Creditor's 2004 Subpoena is plainly false.

Debtor has had more than sufficient time to fully and completely respond to Plaintiff's Interrogatories, including a prior good faith extension of time to respond. However, as a last good faith effort to resolve the matter, Plaintiff hereby provides until April 13, 2014, at 10:00 a.m., for the provision of Debtor's full and complete responses. Debtor's failure to correct the above detailed deficiencies, and provide a full and complete response, by such date and time will leave us with no alternative but to seek relief from the Court.

Very truly yours,

John S. Desiderio