UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK — Chapter 7

-----------------------------------------------------------------------X

In re: — Case No. 13-45106-CEC

VIKI DEVANI,

Debtor.

-----------------------------------------------------------------------X

JOHN DESIDERIO, — Adv. Pro. No. 14-01025-CEC

Plaintiff,

-against-

VIKI DEVANI,

Defendant.

-----------------------------------------------------------------------X

**REPLY AFFIRMATION IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL**

JOHN S. DESIDERIO, the undersigned, an attorney at law duly admitted to practice before the Court of the State of New York, admitted in the Eastern District of New York, affirms the truth of the following under the penalties of perjury:

1. This reply affirmation is submitted in support of Plaintiff's Motion to Compel and in response to the opposition of Debtor thereto (the "Opposition").

2. As stated in Plaintiff's moving papers, in his own motion papers Debtor conceded that his response to Plaintiff's Interrogatories remains incomplete and Debtor has failed to appear for deposition, both despite Plaintiff's good faith extensions of time to respond and appear (Sober's Memorandum in Support of Motion to Withdraw, p. 3, ¶16; Sobers Affirmation, pp. 2-3, ¶¶6-7).

3. The concessions that the Debtor's response to Plaintiff's Interrogatories remains incomplete and outstanding, and that Debtor has failed to appear for deposition, are again echoed in the Opposition (¶¶10-11).

4. Pursuant to FRCP Rule 37, made applicable by FRBP Rule 3037, "an evasive or incomplete disclosure, answer or response must be treated as a failure to disclose, answer or respond." Fed. R. Civ. Pro. 37(a)(4). Accordingly, Debtor's incomplete response to Plaintiff's Interrogatories, just as his failure to appear for deposition, was a complete failure to disclose.

5. The Opposition fails to provide any legal basis to deny Plaintiff's Motion to Compel.

6. Based upon the foregoing, Plaintiff's Motion to Compel should be granted, directing the Debtor to immediately produce complete responses to Plaintiff's Interrogatories.

7. Debtor's argument against the award of Plaintiff's costs in having to file the instant motion, that response to Plaintiff's discovery became "difficult" (Opposition, ¶9), and that this somehow substantially justifies Debtor's failure to comply, ignores the fact that Debtor has had months to respond and appear, and failed to do so. Opposing counsel's recent *alleged* difficulties with Debtor (or his father) simply do not justify Debtor's repeated failure to comply with Plaintiff's discovery in this matter.

8. Moreover, Opposing counsel's allegations of difficulties in dealing with her client are belied by her own electronic correspondence with the undersigned. The attached email from Ms. Sobers, dated April 28, 2014 ("Exhibit A") – just days before she filed her motion – indicates that she was having ongoing discussions with Debtor, and *does not indicate any difficulty* in her relationship with her client.

9. The alleged difficulties are a fabrication created to further delay this matter and to continue to thwart Plaintiff's discovery in this case – filed in anticipation of, and to attempt to preempt, Plaintiff's instant motion to compel (See the undersigned's responsive email to the aforesaid email of Ms. Sobers, Exhibit A).

10. Accordingly, Plaintiff is entitled, pursuant to FRCP 37 and FRBP 7037 to the award of his costs in having to compel Debtor's compliance with his discovery demands.

11. Plaintiff further requests the award of an additional $700.00 (2 hours at $350/hr.) incurred in the review and analysis of the Opposition and the preparation of the instant reply.

**WHEREFORE,** based on the foregoing, and pursuant to Rules 30, 33, and 37 of the FRCP, made applicable herein pursuant to Rules 7030, 7033, and 7037 of the FRBP, Plaintiff respectfully requests an Order: (a) compelling the Debtor to appear for deposition; (b) to produce a full and complete response to Plaintiff's Interrogatories; and (c) awarding Plaintiff's his legal fees and costs, in the sum of $2,100.00, incurred in making this motion, together with the grant of such other and further relief as this Court deems just and proper.

Dated: Huntington, New York
June 1, 2014

/s/ John S. Desiderio, Esq.
JOHN S. DESIDERIO (JSD 4835)
Attorney for Creditor John Desiderio, Sr.
50 Gerard Street, Suite 100A
Huntington, New York 11743
(718) 757-9477