UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------X

In re

                                             Case No. 13-45106-CEC

Viki Devani,

                                             Chapter 7

                     Debtor.

-----------------------------------------------------------X

John Desiderio,

                     Plaintiff,

-against-

                                             Adv. Pro. No.  14-1025-CEC

Viki Devani,

                     Defendant.

-----------------------------------------------------------X

<u>DECISION</u>

| | |
|---|---|
| John S Desiderio | Gregory M. Messer |
| John S. Desiderio, Esq. | Law Offices of Gregory Messer, PLLC |
| 50 Gerard Street, Suite 100A | 26 Court Street |
| Huntington, NY 11743 | Suite 2400 |
| Attorney for Plaintiff | Brooklyn, NY 11242 |
| | Former Attorney for Defendant |
| | |
| | Pankaj Malik |
| | Malik & Associates, P.C. |
| | 138-02 Queens Blvd. |
| | Briarwood, NY 11435 |
| | Attorney for Defendant |

CARLA E. CRAIG
Chief United States Bankruptcy Judge

This matter comes before the Court on the motion of John Desiderio (the "Plaintiff") for summary judgment denying Viki Devani (the "Debtor") a discharge pursuant to 11 U.S.C. § 727(a)(3), (a)(4)(A), (a)(5), and (a)(6).[1]  The uncontested facts establish that the Debtor "failed to keep or preserve any recorded information, including books, documents, records, and papers from which [his] financial condition or business transactions might be ascertained," and therefore, the Debtor is denied a discharge under § 727(a)(3).

## JURISDICTION

This Court has jurisdiction of this core proceeding under 28 U.S.C. §§ 157(b)(2)(J) and 1334(b), and the Eastern District of New York standing order of reference dated August 28, 1986, as amended by order dated December 5, 2012.  This decision constitutes the Court's findings of fact and conclusions of law to the extent required by Bankruptcy Rule 7052.

## BACKGROUND

The following facts are undisputed, or are matters of which judicial notice may be taken.

On August 21, 2013, the Debtor, represented by Vivian Sobers, Esq., filed a voluntary petition under chapter 7 of the Bankruptcy Code.  On September 4, 2013, the Debtor filed his schedules of assets and liabilities and Statements of Financial Affairs.  As reflected on Schedule A, the Debtor does not own any real property.  Schedule A, Bankr. ECF No. 11.[2]  The Debtor listed the following personal property on Schedule B: $50 cash; $1,000 in a checking account; a laptop valued at $500; books valued at $50; clothing valued at $400; a vehicle valued at $10,000; a desk valued at $500; inventory of "vitamins" valued at $1,000; and $12,400 "being held in escrow by attorney John Feder, Esq. pursuant to court order to satisfy judgment."  Schedule B,

---

[1] Unless otherwise specified, all statutory references are to the Bankruptcy Code, 11 U.S.C., all references to "Bankruptcy Rules" are to the Federal Rules of Bankruptcy Procedure, and all references to "Rules" are to the Federal Rules of Civil Procedure.
[2] Citations to "Bankr. ECF No." are to documents filed in Case No. 13-45106-CEC, identified by docket entry number.

Bankr. ECF No. 11.  The Debtor marked "none" in response to Schedule B's direction to disclose "stock and interests in incorporated and unincorporated business."  Schedule B, Bankr. ECF No. 11.

Schedule E lists no priority creditors, and Schedule F lists unsecured debt of $13,943, consisting of consumer debt of $3,943, and $10,000 relating to the lease of a vehicle, which, according to the Debtor's Statement of Intention, was to be assumed pursuant to § 365(p)(2).  Schedules E and F, Bankr. ECF No. 11.

The largest creditor in this case is the Plaintiff, who is listed on Schedule D as holding a secured claim of $130,632.67.  Schedule D, Bankr. ECF No. 11.  This claim is based on an action commenced by the Plaintiff on July 7, 2009, in the Supreme Court of New York, Queens County, seeking to recover fraudulent transfers to the Debtor from his father, Bharat Devani ("Bharat"), pursuant to New York Debtor & Creditor Law.  Complaint ¶ 25, Adv. ECF No. 1-1.[3] The Plaintiff alleged that, in August 2000, he sold a health food business to Bharat in exchange for a promissory note.  Complaint ¶ 12, Adv. ECF No. 1-1.  The Plaintiff further alleged Bharat defaulted on the promissory note, sold the business, and, with actual intent to defraud, hinder, or delay the Plaintiff, and for no consideration, transferred the sale proceeds, real property, and other assets, to the Debtor or the Debtor's business, Garden of Health, Inc.  Complaint ¶¶ 13, 14, 17, Adv. ECF No. 1-1.  Although the parties settled the state court action for $25,000, the Debtor ultimately defaulted under the terms of the stipulation.  Tr.[4] at 35, 44.  On March 20, 2013, the Supreme Court of New York, Queens County, awarded the Plaintiff a judgment against the Debtor for $130,632.67, with interest at 9% per annum.  Complaint ¶ 27, Adv. ECF No. 1-1; Schedule D, Bankr. ECF No. 11; Mot. for Summ. J Ex. U, Adv. ECF No. 24-22.

---

[3] Citations to "Adv. ECF No." are to documents filed in Adv. Pro. No. 14-1025-CEC, identified by docket entry number.
[4] "Tr." refers to the transcript of the hearing held on March 31, 2015.

On his Statement of Financial Affairs, the Debtor stated that his gross income from the beginning of 2013 until the filing date was $1,000 from "partnership." Stmt. of Fin. Affairs ¶ 1, Bankr. ECF No. 11. Although not listed on Schedule B as assets, the Debtor disclosed on the Statement of Financial Affairs that he held interests in businesses identified as "Maximum Health," and "Riddih Siddhi Advanced." Stmt. of Fin. Affairs ¶ 18, Bankr. ECF No. 11. The Debtor signed the Statement of Financial Affairs "under penalty of perjury that [he has] read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct." Stmt. of Fin. Affairs, Bankr. ECF No. 11.

On September 24, 2013, the Plaintiff filed a motion pursuant to Bankruptcy Rule 2004 seeking, inter alia, authorization to conduct an examination of the Debtor and to subpoena financial records, including the following:

> 1. All monthly statements of account and canceled checks for all bank accounts in which [the Debtor has or] had, any interest, or [is], or [has] been, a signatory, from August 21, 2007 through the present, including, but not limited to, checking accounts, savings accounts, IRAs, money market accounts, and safe deposit boxes.

> 2. All monthly statements of account and canceled checks for all bank accounts for all businesses in which [the Debtor has or] had, an ownership interest, or for which accounts [the Debtor is or has] been, a signatory, from August 21, 2007 through the present, including, but not limited to: (i) the joint account held with debtor's mother, as disclosed in the petition; (ii) the account  numbered [*]4961; and (iii) the account numbered [*]4628.

> 3. All of [the Debtor's] federal, state, and city, individual tax returns for the years 2007 through the present, with all W-2s and/or 1099s, and all schedules filed therewith.

> 4.    All federal, state and city tax returns for all businesses in which [the Debtor has or] had, an ownership interest from 2007 through the present.

Mot. for 2004 Examination, Schedule 1, Bankr. ECF No. 19-2.

By order dated November 8, 2013, the Court granted the Plaintiff's motion to pursuant to Bankruptcy Rule 2004 to examine the Debtor and to subpoena the above records.  Order Authorizing Examination Pursuant to Bankruptcy Rule 2004, Bankr. ECF No. 24.  The Plaintiff demanded production of the records by the Debtor pursuant to a subpoena dated November 8, 2013.  Mot. for Summ. J., Ex. J., Adv. ECF No. 24-11.

On February 17, 2014, the Plaintiff commenced this adversary proceeding against the Debtor seeking to dismiss the bankruptcy petition as a bad faith filing under § 707(a), to deny the Debtor a discharge pursuant to § 727(a)(3), (a)(4)(A), (a)(4)(D),(a)(5), and (a)(6)(A), and/or to except from discharge the debt owed to the Plaintiff pursuant to § 523(a)(2)(A).

On May 6, 2014, Ms. Sobers filed a motion to be relieved as Debtor's counsel, which was granted by order dated June 10, 2014.  Mot. to Withdraw as Attorney, Bankr. ECF No. 44; Order Granting Mot. of Sobers Law PLLC to Withdraw, Bankr. ECF No. 47.  The Debtor retained new counsel, Gregory M. Messer, Esq., approximately two months later.[5]

On September 3, 2014, the Court issued an order assigning this matter to mediation.  The mediation was unsuccessful, and on February 16, 2015, the Plaintiff filed his motion for summary judgment.[6]  The Debtor, represented by Mr. Messer, opposed the motion.

A hearing on the motion was held on March 31, 2015.  At the hearing, the Plaintiff withdrew his cause of action under § 523, and pursued summary judgment solely to the extent he

---

[5] Mr. Messer's first appearance on behalf of the Debtor was on August 5, 2014.
[6] The motion was amended on February 19, 2015 to include a memorandum of law and affidavit of service.

sought to deny the Debtor a discharge under § 727(a)(3), (a)(4)(A), (a)(5), and (a)(6). The Court reserved decision and the record was closed at the conclusion of the hearing.

On April 15, 2015, Malik & Associates, P.C. filed a motion to replace Mr. Messer as counsel for the Debtor, and filed a letter seeking permission to file additional memoranda of law. Mot. to Substitute Attorney, Bankr. ECF No. 55; Letter, Bankr. ECF No. 57. On April 23, 2015, the Court denied the request to reopen the record. Order Denying Request, Bankr. ECF No. 60. On April 27, 2015, the Court approved the substitution of Malik & Associates, P.C. as counsel to the Debtor. Order Approving Substitution of Counsel, Bankr. ECF No. 62.

## STANDARD FOR SUMMARY JUDGMENT

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When deciding a motion for summary judgment, the court's function is not to resolve disputed issues of fact, but only to determine whether there is a genuine issue of material fact to be tried. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). A fact is considered material if it "might affect the outcome of the suit under the governing law." Id. at 248. No genuine issue exists "unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Id. at 249–50 (citations omitted). On the other hand, if "there is any evidence in the record from any source from which a reasonable inference could be drawn in favor of the nonmoving party, summary judgment is improper." Chambers v. TRM Copy Ctrs. Corp., 43 F.3d 29, 37 (2d Cir. 1994). "The nonmoving party must show that there is more than a metaphysical doubt regarding a material fact and may not rely solely on self-serving conclusory

statements." <u>Rosenman & Colin LLP v. Jarrell (In re Jarrell)</u>, 251 B.R. 448, 450-51 (Bankr.

S.D.N.Y. 2000) (citations omitted).

For the reasons discussed below, there is no genuine issue of material fact that the Debtor

unjustifiably failed to maintain or produce sufficient personal records "from which the debtor's

financial condition or business transactions may be ascertained," and therefore, the Debtor is

denied a discharge under § 727(a)(3).

DISCUSSION

A discharge in bankruptcy under § 727 is a privilege, not a right, and is reserved only for

the honest but unfortunate debtor. <u>Christy v. Kowalski (In re Kowalski)</u>, 316 B.R. 596, 600-01

(Bankr. E.D.N.Y. 2004). <u>See also</u> <u>Grogan v. Garner</u>, 498 U.S. 279, 286 (1991) (stating, in the

context of § 523, "a debtor has no constitutional or 'fundamental' right to a discharge in

bankruptcy." (citing <u>United States v. Kras</u>, 409 U.S. 434, 445-446 (1973)).  The denial of a

discharge is "an extreme penalty for wrongdoing."  <u>State Bank of India v. Chalasani (In re

Chalasani)</u>, 92 F.3d 1300, 1310 (2d Cir. 1996) (<u>quoting</u> <u>Bank of Pa. v. Adlman (In re Adlman)</u>,

541 F.2d 999, 1003 (2d Cir. 1976)).  As such, § 727 "must be construed strictly against those

who object to the debtor's discharge and 'liberally in favor of the bankrupt.'"  <u>Id.</u> (<u>quoting</u>

<u>Adlman</u>, 541 F.2d at 1003).  Courts must exercise even greater caution when considering denial

of discharge sought by motion for summary judgment.  <u>State Bank of India v. Sethi (In re Sethi)</u>,

250 B.R. 839 (Bankr. E.D.N.Y. 2000).

Section 727(a)(3) provides that a debtor shall be granted a discharge unless "the debtor

has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded

information … from which the debtor's financial condition or business transactions may be

ascertained, unless such act or failure to act was justified under all the circumstances of the

case." 11 U.S.C. § 727(a)(3).  The purpose of this section is "to make the privilege of discharge dependent on a true presentation of the debtor's financial affairs."  D.A.N. Joint Venture v. Cacioli (In re Cacioli), 463 F.3d 229, 234 (2d Cir. 2006) (quoting In re Underhill, 82 F.2d 258, 260 (2d Cir. 1936)).  "Section 727(a)(3) also ensures that 'creditors are supplied with dependable information upon which they can rely in tracing a debtor's financial history.'"  Id. (quoting Meridian Bank v. Alten, 958 F.2d 1226, 1230 (3d Cir. 1992)).

The initial burden under § 727(a)(3) lies with the plaintiff, who must "show that the debtor failed to keep and preserve any books or records from which the debtor's financial condition or business transactions might be ascertained."  Id.  The plaintiff is not required to establish that the debtor intended to conceal or destroy financial information.  Sethi, 250 B.R. at 837.  Once the plaintiff has shown the absence or inadequacy of records, the burden shifts to the debtor to justify his failure to maintain or produce them.  Cacioli, 463 F.3d at 235.

In assessing whether the debtor's failure to preserve records is justified, the court will examine the particular circumstances of the case and consider "what a normal, reasonable person would do under similar circumstances."  Id. (citing Meridian, 958 F.2d at 1231).  This is a "loose test, concerned with the practical problems of what can be expected of the type of person and type of business involved."  Id. (quoting Morris Plan Indus. Bank of N.Y. v. Dreher, 114 F.2d 60, 61 (2d Cir. 1944.)  "[T]he debtor is not required to keep an impeccable system of bookkeeping or records so complete that he can satisfy an expert in business," but is required to produce sufficient records from which the court and the creditors can gain an accurate and complete picture of his finances.  Sethi, 250 B.R. at 838.

The Plaintiff argues that the Debtor's discharge should be denied under § 727(a)(3) because he failed to maintain or provide any individual financial records, such as bank

statements for the checking account disclosed on Schedule B, for the three years preceding the bankruptcy filing, with the exception of a single, unsigned tax return for the 2007 tax year. The Plaintiff further argues that the Debtor failed to adequately maintain or provide pre-petition financial records for multiple businesses in which the Debtor held an interest, specifically: Veda Medica, LLC d/b/a BeWell4Ever, Maximum Health, Inc., Riddih Siddhi, Inc., Riddih Siddhi Advanced Nutrition, Inc., or Nutrifood, Inc. The Plaintiff requested production of these records in the subpoena dated November 8, 2013, which was authorized pursuant to Bankruptcy Rule 2004. Mot. for Summ. J., Ex. J., Adv. ECF No. 24-11.

It is undisputed that the Debtor did not provide any canceled checks or bank statements from the disclosed checking account in his name for the three years preceding the bankruptcy filing, and that the only personal financial record produced by the Debtor was an unsigned individual tax return for 2007. The Debtor states that, with respect to his personal income, he "received a nominal income of $1,000 per month that is paid by [his] father either by check or in cash . . . . There were no other records reflecting this income and [he has] accurately and completely listed it on my tax return." Debtor's Aff. in Opp'n ¶ 18, Adv. ECF. No. 25-1. A single, unsigned tax return, without any supporting documentation, is an insufficient record to ascertain a debtor's financial condition. See Schackner v. Breslin Realty Dev. Corp., No. 11–CV–2734, 2012 WL 32624, at *5 (E.D.N.Y. Jan. 5, 2012) ("Courts in the Second Circuit have consistently denied discharge on summary judgment when certain categories of documents essential to determining a debtor's history are missing—specifically, tax returns and their underlying financial records.") (citing cases); Agai v. Antoniou (In re Antoniou), 527 B.R. 71, 80 (Bankr. E.D.N.Y. 2015); Jacobowitz v. Cadle Co. (In re Jacobowitz), 309 B.R. 429, 437 (S.D.N.Y. 2004) (citing cases). Therefore, there is insufficient "written evidence . . . from

which the debtor's present financial condition, and his recent business transactions for a reasonable period in the past, may be ascertained with substantial completeness and accuracy." Sethi, 250 B.R. at 838.  Accordingly, the Plaintiff established the absence of records under § 727(a)(3), and the burden now shifts to the Debtor to justify the failure to preserve or produce adequate records from which his financial condition may be ascertained.

The Debtor argues that he is not a sophisticated businessman, and as such, his failure to preserve or provide personal financial records is justified under § 727(a)(3).  This argument must be rejected because it ignores the applicable legal standard, as well as the uncontested facts of this case.

A debtor's justification for failing preserve financial records must be evaluated based upon "what a normal, reasonable person would do under similar circumstances."  Cacioli, 463 F.2d at 235.  The Debtor is a college graduate, having received a Bachelor of Arts degree in finance from Baruch College in 2008.  Pl.'s Stmt. of Material Facts ¶ 5, Adv. ECF No. 24-25; Def.'s Stmt. Pursuant to Local Rule 7056-1 ¶ 5, Adv. ECF No. 25-1.)  With this educational background, the Debtor's failure to maintain any personal financial records, with the exception of a single tax return, is unjustified.  It is well established that a single, unsigned tax return, without any of the supporting documentation, is "wholly insufficient for ... a creditor to ascertain the debtor's financial condition."  Antoniou, 527 B.R. at 80 (quoting Sethi, 250 B.R. at 839); Agai v. Antoniou (In re Antoniou), 515 B.R. 9, 21 (Bankr. E.D.N.Y. 2014) (same).  See also Jacobowitz, 309 B.R. at 437 (debtor did not satisfy his burden under § 727(a)(3) by producing tax returns for three years without supporting documentation).

Additionally, a debtor's sophistication is only a factor in determining the adequacy of records preserved by a debtor, and is not an excuse for entirely failing to produce records.  See

Cacioli, 463 F.3d at 235 n.8, 237 (the debtor's sophistication is one of the factors to consider when evaluating the adequacy of the debtor's records); U.S. Trustee v. Kandel (In re Kandel), Bankr. No. 11-62597; Adv. Pro. 12-6003, 2015 WL 1207014, at *6 (Bankr. N. D. Ohio  Mar. 13, 2015 ("[A] debtor's record keeping responsibility [is] a sliding scale, 'with one end consisting of large businesses that must maintain in-depth records, and the other end consisting of unsophisticated consumer debtors requiring far less documentation.'  Where a debtor falls on the sliding scale is very important to the amount and sophistication of records a court will require a debtor to produce." (quoting McDermott v. Roller (In re Roller), Bankr. No. 12-61145, Adv. No. 13-6050, 2014 WL 644590, at *14 (Bankr. N.D. Ohio Feb. 19, 2014)); Antoniou, 527 B.R. at 81 (rejecting the argument that the failure to keep records was justified by a debtor who claimed to be unsophisticated because he "never finished high school" and his "ability to read and write English is poor"); Jacobowitz, 309 B.R. at 439 ("[T]he debtor's contention that he is unsophisticated and uneducated does not justify his failure to provide any records besides his 1999–2001 tax returns."); Sethi, 250 B.R. at  839, 842 ("[A] sophisticated debtor is generally held to a higher level of accountability in record keeping," and "it is insufficient for the debtor to assert an honest belief that he does not need to keep records"); Krohn v. Frommann (In re Frommann), 153 B.R. 113, 117 (Bankr. E.D.N.Y. 1993) (A debtor "must show more than that '[s]he did not comprehend the need for [records] and must carry [her] explanation by way of justification to the point where it reasonably appears that because of unusual circumstances [s]he was under no duty to keep them.'" (quoting In re Sandow, 151 F.2d 807, 809 (2d Cir. 1945) (alteration in original))).  Therefore, this argument fails even if he Debtor's assertion that he is not a sophisticated businessman is taken as true.

The Debtor's next argument, that he provided to Ms. Sobers all of the records requested by her, Tr. at 23, is also insufficient to raise a material question of fact sufficient to defeat summary judgment under § 727(a)(3).  Although the Debtor states in his counter-statement of material facts that he provided to his former counsel all the documentation that that was "in his possession and control, and all that he was able to obtain from third parties," Stmt. Pursuant to Local Rule 7056-1, ¶¶ 108, 110, Adv. ECF No. 25-2, he has not specified which records he produced, and has not provided any support for that assertion, as required by Rule 56.[7]  Fed. R. Bankr. P. 7056; Fed. R. Civ. P. 56(c)(1).

A similar argument was rejected in Paul's Service, Inc. v. Mahfouz (In re Mahfouz), 529 B.R. 431, 453 (Bankr. D. Mass. 2015).  In that case, the court denied debtors a discharge under § 727(a)(3) for failing to preserve records from which their financial condition and business transactions could be ascertained.  Mahfouz, 529 B.R. at 449-453.  Among other defenses, the debtors argued that they provided documents to their bankruptcy counsel, but he failed to forward them to the chapter 7 trustee.  Id. at 453.  Although the court found that the debtors "endeavored to give [their counsel] some documents," it ultimately rejected the defense because the debtors "did not establish that [counsel] failed to give the [t]rustee any documents the [d]ebtors delivered to him," and "did not establish that their failure to produce adequate records was attributable to any acts or omissions" of counsel.  Id. at 452-453.

Although Mahfouz was decided after a trial on the merits, it is nonetheless applicable to this motion.  In order to defeat this motion for summary judgment, the Debtor "must show that there is more than a metaphysical doubt regarding a material fact and may not rely solely on self-serving conclusory statements."  Jarrell, 251 B.R. at 450–51.  The Debtor's counsel conceded that he has not obtained the case file from Ms. Sobers and does not know its contents.  Tr. at 38-

---

[7] Bankruptcy Rule 7056 provides that Rule 56 applies in adversary proceedings.

39.  This argument could have been supported by obtaining the case file and producing the records that the Debtor provided to his former counsel.[8]  However, this defense is based entirely on unsupported and self-serving statements that are insufficient to raise a genuine issue of material fact to defeat the Plaintiff's motion for summary judgment under § 727(a)(3).

The Debtor's attempt to shift the blame to Ms. Sobers must also be rejected based upon the procedural history of this case.  Ms. Sobers was relieved as the Debtor's counsel on June 10, 2014, Mr. Messer was retained approximately two months later, and this motion was filed more than six months after that.  Although the parties engaged in mediation shortly after Ms. Messer was retained, nothing prevented the Debtor, during that process, from gathering the personal financial information that was subpoenaed more than a year earlier.  And, after the mediation failed, the Debtor could have sought additional time to produce his financial records.  The Debtor did none of these things.  Instead, the Debtor waited until argument had concluded on the hearing on this motion to request an adjournment of this motion, and additional time to produce the records.  Tr. at 27, 41, 43.

It is within the court's discretion whether to grant a request for a continuance.  In re Litwok, 246 B.R. 1, 9 (E.D.N.Y. 2000).  The decision should be based upon the particular circumstances of each case, and consider "whether the additional evidence would be valuable enough to warrant the delay in the judicial process and the burden on the other parties in the matter," and "whether the requesting party acted with proper diligence in its efforts to timely present the additional evidence during the proceeding in question."  Wachovia Bank of Ga., N.A. v. Apex Tech of Ga., Inc., 144 B.R. 649, 652-53 (S.D.N.Y. 1992).

Although the Debtor's counsel stated at the hearing that the documents relating to the outstanding discovery requests are "now" in the Debtor's possession, Tr. at 27, he did not

---

[8] It must be noted that the adequacy of the records would have to be evaluated under § 727(a)(3).

produce them at the hearing or specify which documents the Debtor has obtained.  The Plaintiff has already incurred the cost of commencing this action and filing this motion based upon the Debtor's failure to provide the records.  Moreover, it is abundantly clear that the Debtor did not act with proper diligence to obtain the documentation, which was subpoenaed in November 2013.

While the Debtor urges that an adjournment to allow for the production of records would ultimately yield a "fair result," the facts of this case support the opposite conclusion.  There is nothing unfair about denying the Debtor a discharge when he had ample time to gather and produce financial records, but has failed to do so, and when the legal standard under § 727(a)(3) is overwhelmingly satisfied.  Bronfman v. Wolinsky (In re O'Hara), Bankr. No. 08-12108, Adv. No. 09-9055, 2011 WL 1467927, at *11 (Bankr. N.D.N.Y. Apr. 18, 2011) ("Even if the Defendant's production of documents [after the filing of the motion for summary judgment] was comprehensible, it was too little, too late. … The fact that the Defendant is now going to subpoena those same records evidences that Defendant did not keep or preserve books, documents, records, and papers, from which his financial condition or business transactions might be ascertained.").  See also In re French, 499 F.3d 345, 356 (4th Cir. 2007) ("[W]hether the timeliness of a debtor's disclosure of records caused a delay for the parties in adequately ascertaining his financial condition is a factor that a trier of fact may assess in its determination as to whether he has satisfied the standard of § 727(a)(3).""); In re Shah, 388 B.R. 23, 37 (Bankr. E.D.N.Y. 2008) ("The Debtor's delay in producing the requested documents, while not a dispositive factor, also weighs in favor of denying the Debtor's discharge.").  Cf. Suarez v. Alonso (In re Alonso), Bankr. No. 11-19198 (RG), Adv. No. 11-2190 (RTL), 2012 WL 6021478 at *8 (Bankr. D.N.J. Dec. 4, 2012) (rejecting a creditor's claim for denial of discharge under

§ 727(a)(3) because, among other reasons, "[a]ny delay in producing documents was promptly remedied long before trial and plaintiff did not have to resort to discovery motion practice.").

<u>CONCLUSION</u>

For these reasons, the Debtor is denied a discharge under § 727(a)(3) for failing "to keep or preserve any recorded information, including books, documents, records, and papers from which [his] financial condition or business transactions might be ascertained."  11 U.S.C. § 727(a)(3).  Given this conclusion, it is unnecessary to address the Plaintiff's argument that the Debtor failed to provide adequate records under § 727(a)(3) for businesses in which he held an interest, nor is it necessary to decide whether the Debtor's discharge should be denied under § 727(a)(4)(A), (a)(5), or (a)(6).  A separate order will issue.



**Dated: Brooklyn, New York**
**August 13, 2015**

**Carla E. Craig**
**United States Bankruptcy Judge**